## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 5800 S. Michigan, LLC | Case No. 09-49031 |
| Debtor and Debtor in Possession. | Judge Eugene Wedoff |
| | Hearing: 2/2/2010 at 9:30 a.m. |

### NOTICE OF MOTION

To:   See attached service list

PLEASE TAKE NOTICE that on **February 2, 2010 at 9:30 a.m.**, the undersigned will appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in Courtroom 744, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois the Bankruptcy Court for the Northern District of Illinois, Eastern Division, and shall then and there present **DEBTOR'S MOTION TO RECONSIDER ITS RULING OF JANUARY 13, 2010, EXCUSING THE RECEIVER FROM COMPLYING WITH 11 U.S.C. §543(a), (b), and (c)**, a copy of which is enclosed herewith and served upon you.

/s/ Forrest L. Ingram

Forrest L. Ingram, #3129032
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

### CERTIFICATE OF SERVICE

I, Forrest L. Ingram, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by facsimile, as indicated on the list, on January 22, 2010.

/s/Forrest L. Ingram

## SERVICE LIST

**VIA FACSIMILE**
5800 S. Michigan, LLC
P.O. Box 21281
Chicago, IL 60621

Hauselman & Rappin, Ltd.
39 South LaSalle Street
Chicago, IL 60603
Fax: (312) 372-0404

**By ECF Notice:**
**William T. Neary**
**Office of the U.S. Trustee, Region 11**
219 S. Dearborn, 8th Floor
Chicago, IL 60602
USTPRegion11.ES.ECF@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| 5800 S. Michigan, LLC | Case No. 09-49031 |
| Debtor and Debtor in Possession. | Judge Eugene Wedoff |
| | Hearing: 2/2/2010 at 9:30 a.m. |

### AMENDED DEBTOR'S MOTION TO RECONSIDER THE COURT'S RULING OF JANUARY 13, 2010, EXCUSING THE RECEIVER FROM COMPLYING WITH 11 U.S.C. §543(a), (b), and (c)

NOW COMES Debtor and Debtor in Possession, **5800 S. Michigan, LLC** ("Debtor") by and through its attorneys at Forrest L. Ingram, P.C., and for its Motion to Reconsider the Court's Ruling of January 13, 2010, Excusing the Receiver from Complying with 11 U.S.C. §543(a), (b), and (c), states as follows:

1. On December 29, 2009, Debtor filed its Chapter 11 petition.

2. On January 13, 2010, this Court held an evidentiary hearing and determined that the state-court-appointed receiver in this case was excused from complying with 11 U.S.C. §543(a), (b), and (c). See the order attached as **Exhibit A**.

3. Debtor asserts that it did not have sufficient notice to prepare for the evidentiary hearing.

4. According to 11 U.S.C. §543(d), "After *notice* and hearing, the bankruptcy court – (1) may excuse compliance with subsection (a), (b), and (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity holders would be better served by

permitting a custodian to continue in possession, custody, or control of such property…" (emphasis added).

5. A week earlier, on January 6, 2010, at which time the parties first presented their opposing motions regarding the turnover of the Debtor's assets held by the receiver, the attorney for CIC informed the court that CIC had also filed a motion for relief from stay and had set it to be first presented on January 13, 2010. The Court then indicated that it would first deal with the motion for relief from the automatic stay, before entertaining any hearing on the status of the receiver. See the transcript from January 6, 2010, attached hereto as **Exhibit B**, pp. 4-6. Specifically, the Court stated:

> And what I am going to expect from the debtor is a defense to the motion for relief from stay. If you can't show me either that there is equity in the property or that the property is necessary for an effective reorganization, there will be relief from stay granted and moving out this request for a turnover from a receiver.

Ex. B, p. 6.

6. As a result of the focus on the motion for relief from stay, there was confusion as to when any hearing would be held on the issue of whether the receiver was to turn over any property owned by the Debtor. Attorneys representing both parties were not expecting an evidentiary hearing on the motions regarding the receiver to be held on January 13.

7. In addition, at the January 6, 2010 hearing, the Court indicated that in order to refute the motion to excuse the receiver from complying with 11 U.S.C. §543(a), (b), and (c), the Debtor would have to show that the required turnover is necessary to prevent fraud or injustice, as contemplated by 11 U.S.C. §543(d)(2). See the transcript from January 6, 2010, attached hereto as **Exhibit B**, p. 4.

8. On January 13, 2010, Debtor's counsel pointed to case law that distinguished a "receiver" from an "assignee for the benefit of creditors," establishing that 11 U.S.C. §543(d)(2) does not apply to a receiver.

9. It was not until the parties were before the Court on January 13, 2010 that the Court announced that it would immediately hold an evidentiary hearing as to the issue of whether the receiver should be excused from turning over the property of the Debtor to the Debtor in Possession.

10. The Debtor was not in court and had to be contacted to come downtown right away. Debtor had no time to prepare its evidence; Debtor's attorneys had no time to prepare witnesses or exhibits for the evidentiary hearing.

11. Because there was insufficient notice before the hearing, Debtor requests that this Court reconsider and vacate its ruling of January 13, 2010 and allow the parties to prepare for and hold a new evidentiary hearing on the issue of whether the receiver should be excused from complying with 11 U.S.C. §543(a), (b), and (c).

**WHEREFORE**, Debtor respectfully requests that this Court enter an order vacating its order from January 13, 2010. Debtor also requests that this Court set a new hearing date on the issue of whether to excuse the state-court-appointed receiver from complying with 11 U.S.C. §543(a), (b), and (c), providing a pre-trial schedule for exchanging witness and exhibit lists. Debtor requests such other and further relief this court may deem just.

Respectfully submitted,
5800 S. Michigan, LLC

By: /s/ Forrest L. Ingram
    One of its attorneys

Forrest L. Ingram, #3129032
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838